UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES R. LUCKEY | CIVIL ACTION |
| VERSUS | NO. 08-4266 |
| MONCLA MARINE OPERATIONS, L.L.C., ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on motion to sever and to set trial of maintenance and cure claims on expedited basis filed by the plaintiff, Charles R. Luckey ("Luckey"). The plaintiff filed suit in August 2008 under the Jones Act and general maritime law, seeking damages allegedly sustained in December 2007 when lifting a large board while working for the defendants on board one of their vessels. Trial before the Court without a jury is set for September 8, 2009.

In this motion, the plaintiff seeks an expedited determination on the issue of maintenance and cure based, in large part, on medical evidence including a July 2008 recommendation for surgery and the decision in *Martinez v. Edison Chouest Offshore, Inc.*, 2001 WL 6726 (E.D.La.) The defendants stopped making maintenance payments in July 2008.

The defendants oppose the motion with a number of arguments. First, they

dispute the fact that any accident occurred at all. They also argue the delay in requesting an expedited hearing in light of the outstanding discovery, which includes the deposition of the plaintiff, a crew member and various health care providers. Finally, they argue that there is significant overlap between the maintenance and cure claims and the other claims and defenses at issue in this matter, and that an "appropriate" trial on maintenance and cure would involve a trial on the entire case, including whether an accident occurred at all.

The Court acknowledges the holding of *Tate v. American Tugs, Inc.*, 634 F.3d 869, 871 (5th Cir. 1981), in which Judge Rubin recognized the seaman's right to join his maintenance and cure claim with this Jones Act claim, or asking for a severance. Judge Rubin denied a permanent injunction for lack of irreparable damage, suggested a "prompt trial of the maintenance claim by the court," "[b]ut he may not have the benefit of all his desires: equitable hearing of a claim for increased maintenance and a later jury trial of substantially the same question." *Id.*

In this matter, the same discovery would be required for an expedited hearing on the issue of whether, by a preponderance of the evidence, the accident happened while the plaintiff was working in the service of the vessel, whether maximum medical improvement has been reached, and whether surgery is required as a result of any injury. In addition, a trial before the undersigned prior to the September date presently

set is unlikely even if discovery could be expedited, as the Court is presiding over three capital cases in the interim which are statutorily entitled to preference over all others. In fact, in light of the criminal docket, the parties should consider contacting the Magistrate Judge to explore whether an expedited trial can be set on her calendar.

IT IS ORDERED that the motion to sever and to set trial of maintenance and cure claims on expedited basis filed by the plaintiff is DENIED. (Rec. Doc. 8.)

New Orleans, Louisiana, this 7th day of April, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE